UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NEUROGRAFIX ('360) PATENT LITIGATION | MDL No. 13-md-2432-RGS<br><br>This Document Relates To:<br>All Member Actions |

**DEFENDANTS' INITIAL DISCLOSURES**
**[Fed. R. Civ. P. 26(a)(1)]**

Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1), Defendants and Counterclaimants Philips Electronics North America Corporation ("PENAC"), Invivo Corporation ("Invivo"), Philips Medical Systems Nederland B.V. ("Philips Medical"), Koninklijke Philips Electronics N.V. ("KPENV"), and Philips Healthcare Informatics, Inc. ("Philips Healthcare" and together "Philips" or "Defendants") hereby provide their Initial Disclosures to Plaintiffs and Counterdefendants NeuroGrafix, Neurography Institute Medical Associates, Inc., and Image-Based Surgicenter Corporation.

As a preliminary matter, Defendants note that their investigation of this matter is continuing, and that fact discovery, as well as expert discovery, remains. Defendants expect that these items may lead them to identify additional information, witnesses, documents, electronically stored information, and tangible things relevant to this action.

Defendants expressly reserve the right to supplement these Initial Disclosures under Federal Rule of Civil Procedure Rule 26(a) and the Local Rules of this Court, without prejudice to their right to use such subsequently discovered information, witnesses, documents, electronically stored information, and tangible things at trial or at any proceeding in this Action. The undersigned counsel certifies, under Federal Rule of Civil Procedure Rule 26(g) that, after reasonable inquiry and to the best of his knowledge, the disclosures contained herein are accurate and complete as of the present time.

## I.  Persons Likely to Have Discoverable Information
   (Fed. R. Civ. P. 26(a)(1)(A)(i))

Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1)(A)(i), Defendants hereby identify the following individuals likely to have discoverable information that Defendants may use to support their claims or defenses, unless solely for impeachment.

| Name/Title | Last Known Address | Subject of Information Known by Witness |
|---|---|---|
| Philips Electronics North America Corporation | c/o counsel for Defendants | Factual matters placed at issue in Defendants' Answer, Defenses and Counterclaims in this action. |
| Invivo Corporation | c/o counsel for Defendants | Factual matters placed at issue in Defendants' Answer, Defenses and Counterclaims in this action. |
| Philips Medical Systems Nederland B.V. | c/o counsel for Defendants | Factual matters placed at issue in Defendants' Answer, Defenses and Counterclaims in this action. |
| Koninklijke Philips Electronics N.V. | c/o counsel for Defendants | Factual matters placed at issue in Defendants' Answer, Defenses and Counterclaims in this action. |
| Philips Healthcare Informatics, Inc. | c/o counsel for Defendants | Factual matters placed at issue in Defendants' Answer, Defenses and Counterclaims in this action. |
| Ronald Holthuizen | c/o counsel for Defendants | Operation of Defendants' Products |
| Neil Palmer | c/o counsel for Defendants | Sales and Marketing of Defendants' Products |
| NeuroGrafix | 2716 Ocean Park Boulevard, Suite 3075<br>Santa Monica, CA | • All matters placed at issue in the Complaint and Defenses in this action.<br>• Ownership of U.S. Patent No. 5,560,360 ("'360 Patent")<br>• Validity of the '360 Patent |
| Neurography Institute Medical Associates, Inc. | California | • All matters placed at issue in the Complaint and Defenses in this action.<br>• Ownership of the '360 Patent"<br>• Validity of the '360 Patent |
| Image-Based Surgicenter Corporation | California | • All matters placed at issue in the Complaint and Defenses in this action.<br>• Ownership of the '360 Patent"<br>• Validity of the '360 Patent |

| Name/Title | Last Known Address | Subject of Information Known by Witness |
|---|---|---|
| Aaron G. Filler | Seattle, Washington | Validity, enforceability, ownership, conception, reduction to practice, and prosecution of the '360 Patent |
| Jay S. Tsurda | Mercer Island, Washington | Validity, enforceability, ownership, conception, reduction to practice, and prosecution of the '360 Patent |
| Todd L. Richards | Seattle, Washington | Validity, enforceability, ownership, conception, reduction to practice, and prosecution of the '360 Patent |
| Franklyn A. Howe | London, England | Validity, enforceability, ownership, conception, reduction to practice, and prosecution of the '360 Patent |
| Christenson, O'Connor, Johnson & Kindness PLLC | Seattle, Washington | Prosecution of the '360 Patent |
| University of Washington | Seattle, Washington | Ownership of '360 Patent and Standing to bring suit |
| Washington Research Foundation | Seattle, Washington | Ownership of '360 Patent and Standing to bring suit |
| National Institutes of Health | Unknown | Ownership of '360 Patent and Standing to bring suit |
| GE Medical Systems | Unknown | Ownership of '360 Patent and Standing to bring suit |

Defendants reserve the right to add witnesses discovered to have personal knowledge on any of the relevant issues subsequent to the date of these Initial Disclosures, including any individuals identified by Plaintiffs as likely to have discoverable information that Defendants may use to support their claims or defenses. Defendants will supplement these disclosures to reflect such additional information as provided in Federal Rule of Civil Procedure Rule 26 and the Local Rules of this Court.

### II.     Documents, Electronically Stored Information, and Tangible Things (Fed. R. Civ. P. 26(a)(1)(A)(ii))

Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1)(A)(ii), Defendants hereby provide a description of documents, electronically stored information, and tangible things that they have in their possession, custody or control and may use to support their claims or defenses, unless the use would be solely for impeachment:

**A.**     The '360 Patent;

**B.**     Documents relating to the '360 Patent, including the purported conception and reduction to practice, and prosecution thereof;

**C.**     File history of the '360 Patent;

**D.**     Documents and things evidencing ownership of the '360 Patent;

**E.**     Prior art to the '360 Patent;

**F.**     Documents related to the design, development, structure, and operation of Defendants' relevant technology;

**G.**     Documents sufficient to show Defendants' sales of the accused products in the United States and the revenue, profits, or losses derived from sales of the accused products in the United States;

**H.**     Transcripts and other documents from other lawsuits involving the '360 Patent;

**I.**     Pleadings, motions, and other documents filed in this action; and

**J.**     Documents otherwise relating to Defendants' counterclaims and/or affirmative defenses asserted in this action.

Documents in each of these categories that are currently in Defendants' possession, custody, or control are currently located in Defendants' offices and/or the offices of their counsel.

Defendants believe that Plaintiffs and third parties are likely to have documents, electronically stored information, and things in their possession that relate to its claims and defenses, and reserve their rights to use such documents, electronically stored information, and

things as they are obtained in the course of discovery. Defendants also reserve their rights to make use of any documents, electronically stored information, and things identified by Plaintiffs in their Initial Disclosures.

Defendants will supplement these disclosures as provided in Federal Rule of Civil Procedure Rule 26 and the Local Rules of this Court.

### III. Damages
### (Fed. R. Civ. P. 26(a)(1)(A)(iii))

Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1)(A)(iii), Defendants hereby state that their damages claims, including fees, and costs, are not quantifiable at this time.

### IV. Insurance
### (Fed. R. Civ. P. 26(a)(1)(A)(iv))

Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1)(A)(iv), Defendants hereby state that they are presently unaware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Defendants reserve the right to supplement this disclosure if they identify any relevant insurance agreements.

Dated: April 7, 2014

By: _____
Michael A. Molano (*Pro Hac Vice*)
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real,
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Claire Laporte (BBO#554979)
Jeremy Evans (BBO# 661048)
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600
Telephone: (617) 832-1210
Facsimile: (617) 832-7000

*Attorneys for Defendants, PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, a Delaware corporation; INVIVO CORPORATION, a Delaware corporation; PHILIPS MEDICAL SYSTEMS NEDERLAND B.V. a Dutch corporation; KONINKLIJKE PHILIPS ELECTRONICS N.V., a Dutch corporation*; and *PHILIPS HEALTHCARE INFORMATICS, INC., a Delaware corporation.*

**Certificate of Service**

    I, Michael A. Molano, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on the date of filing.  I further certify that the parties listed below were served by placing this document in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palto Alto, California addressed as set forth below on April 7, 2014.

    Andrew D. Weiss
Fredricka Ung
Marc A. Fenster
Russ August & Kabat
12424 Wilshire Boulevard
Los Angeles, CA 90025
aweiss@raklaw.com
fung@raklaw.com
mfenster@raklaw.com

David S. Godkin
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210
godkin@birnbaumgodkin.com

    */s/ Michael A. Molano*